## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## NORTHERN DIVISION

**HENRY LEE GRICE, JR.**                                                    **PLAINTIFF**

**v.**                           **Case No. 3:19-cv-00180-LPR**

**MARVIN LEFLORE,** *et al.*                                          **DEFENDANTS**

## ORDER

On June 17, 2019, Plaintiff Henry Lee Grice, Jr. filed a Complaint in the Eastern District of Arkansas.[1] His Complaint alleges that his former employer(s) and former fellow employees are liable under 18 U.S.C. § 1964(c) of the Racketeer Influence and Corrupt Organizations Act ("RICO"), which permits civil actions by "[a]ny person injured in his business or property by reason of a violation of section 1962 . . . ."[2] He also alleges claims for conspiracy and for violation of public policy and Arkansas law for prostitution and loan sharking.[3]

On June 10, 2020, Separate Defendants Marvin Leflore, Willie Brown, Fidel Rosiles, Bob Fallis, Derick Lewis, and Burch Energy Corporation ("Defendants") filed a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6).[4] Defendants assert that Mr. Grice's RICO claim should be dismissed because (1) the Complaint fails to demonstrate the existence of an enterprise, (2) the Complaint fails to show a pattern of racketeering, (3) the Complaint fails to allege facts showing that the alleged enterprise engaged in activities relating to interstate or foreign commerce, (4) Mr. Grice has no standing under RICO because he fails to allege that he was injured as a result

---

[1]  Pl.'s Compl. (Doc. 1).

[2]  *Id.* ¶¶ 63-73; 18 U.S.C. § 1964(c).

[3]  Pl.'s Compl. (Doc. 1) ¶¶ 74-93.

[4]  Defs.' First Mot. to Dismiss (Doc. 11).  As will be discussed *infra*, Separate Defendant Quala Services LLC has not appeared in this case and is not part of the Motion to Dismiss.

of RICO violations or any predicate act, and (5) that the Complaint is not pleaded with particularity as required by Federal Rule of Civil Procedure 9(b).[5]

Defendants are correct for multiple reasons. The Court will address the two most glaring reasons for dismissal—Mr. Grice lacks standing because his injury was not directly caused by a RICO violation and the Complaint fails to allege facts demonstrating the existence of an enterprise.

## Factual Allegations

For purposes of this Motion, the Court accepts all of Mr. Grice's factual allegations as true and views them (and reasonable inferences therefrom) in the light most favorable to Mr. Grice.[6] "[A] complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'"[7] A claim is facially plausible if the alleged facts allow the Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."[8] In other words, the factual allegations must be enough to raise the right to relief "above the speculative level."[9] This requires more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[10]

On January 4, 2012, Mr. Grice was employed by Separate Defendant Quala Services LLC.[11] After two-and-a-half years of working for Quala, Mr. Grice began receiving paychecks

---

[5]  Br. in Supp. of Defs.' First Mot. to Dismiss (Doc. 12) at 4-16.

[6]  *See, e.g.*, *Stockley v. Joyce*, 963 F.3d 809, 816 (8th Cir. 2020). On the other hand, the Court need not accept as true the conclusions Mr. Grice draws from his factual allegations. *See, e.g.*, *Glick v. W. Power Sports, Inc.*, 944 F.3d 714, 717 (8th Cir. 2019) (a court "need not accept as true a plaintiff's conclusory allegations or legal conclusions drawn from the facts"); *see also Lind v. Midland Funding*, L.L.C., 688 F.3d 402, 409 (8th Cir. 2012) ("A complaint that consists of no more than conclusory allegations or that merely applies labels to defendants' conduct will not survive a motion to dismiss.").

[7]  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[8]  *Id.*

[9]  *Twombly*, 550 U.S. at 555.

[10]  *Id.*

[11]  Pl.'s Compl. (Doc. 1) ¶ 21.

from Separate Defendant Burch Energy.[12]  It is unclear whether Mr. Grice took a new job with Burch Energy, whether Mr. Grice began working for Burch Energy while maintaining his job with Quala, or whether Burch Energy took over Quala's operations.  Whatever the case may be, Mr. Grice appears to have worked as a "tank tech" for both Burch Energy and Quala.[13]  As a Tank Tech, Mr. Grice was responsible for washing and cleaning "trailers and tank trucks used for hauling corn oil, soybean oil, chocolate foods, and sometimes chemicals, herbicides and/or soap."[14]

Sometime in 2014, Mr. Grice began "having trouble" with his new supervisor, Separate Defendant Marvin Leflore.[15]  Mr. Leflore "openly pimped young girls" and promoted prostitution on the job site.[16]  Mr. Leflore would bring "young women . . . to the plant site" to entice male employees to pay the women for sex.[17]  Mr. Leflore "also operated as a loan shark on the job."[18]  Mr. Grice states that Separate Defendants Fidel Rosiles (the plant manager) and Willie Brown (the assistant plant manager) were both "aware of L[e]flore's prostitution ring, but turned a blind eye."[19]  Mr. Grice alleges that he became Mr. Leflore's "nemesis" because "Grice would not participate in Leflore's prostitution of young women, nor participate in Le[f]lore's loan shark operation."[20]  He further alleges that "[b]ecause Leflore couldn't make money off of Grice as a

---

[12] *Id.* ¶ 21.

[13] *Id.* ¶ 22.

[14] *Id.* ¶ 23.

[15] *Id.* ¶ 25.

[16] *Id.* ¶ 27.

[17] *Id.* ¶ 28.

[18] *Id.* ¶ 29.

[19] *Id.* ¶ 32.  The Complaint does not allege any facts indicating that any of the named defendants other than Mr. Leflore actively participated in Mr. Leflore's prostitution ring or loan-sharking operation.

[20] *Id.* ¶ 30.

'John' in Leflore's prostitution ring of young girls or loans, Leflore did not want Grice on the job."[21]

Mr. Grice alleges that "Leflore and Brown orchestrated a plan to discredit Grice to obtain Grice's termination."[22]  In June 2016, Mr. Leflore and Mr. Brown ordered Mr. Grice to "wash a truck while another truck was being steam cleaned" in violation of an unspecified OSHA regulation.[23]  Mr. Brown told Mr. Grice that he would send Mr. Grice home for three days without pay if Mr. Grice did not comply with the order.[24]  Mr. Grice refused to wash the truck while another truck was being steam cleaned.[25]  As a result, Mr. Grice was suspended for three days without pay.[26]  Mr. Grice reported this conduct to the EEOC on three occasions.[27]  He also complained to Quala's corporate office about what he alleges was an unjust suspension.[28]

On May 24, 2018, Mr. Brown suspended Mr. Grice again for not "cleaning" a truck.[29]  Mr. Grice asserts that the truck was "washed" three times, twice by other employees and a third time by Mr. Grice.[30]  Mr. Grice was suspended for three days without pay.[31]  On August 26, 2018, Mr. Grice was assigned to work with Separate Defendant Derrick Lewis.[32]  The Complaint does not

---

[21] *Id.* ¶ 31.  Mr. Grice alleges that Separate Defendant Bob Fallis had a "personality conflict" with Mr. Grice.  *Id.* ¶ 33.  The Complaint does not say that this "personality conflict" had anything to do with Mr. Leflore's alleged prostitution ring or loan-sharking activities.

[22] *Id.* ¶ 35.

[23] *Id.* ¶ 36.

[24] *Id.* ¶ 38.

[25] *Id.* ¶ 39.

[26] *Id.*

[27] *Id.* ¶ 40.

[28] *Id.* ¶¶ 41-42.

[29] *Id.* ¶ 46.

[30] *Id.* ¶¶ 46-47.

[31] *Id.* ¶ 46.

[32] *Id.* ¶ 48.

state who issued this assignment.  Mr. Lewis tried to fight Mr. Grice.[33]  Mr. Grice reported the incident to Mr. Brown and Mr. Brown told Mr. Grice to go home or get back to work.[34]

At some point, Mr. Grice was put on the "third shift."[35]  The Complaint does not state who put Mr. Grice on the third shift.  The third shift worked from "6:00 p.m. to 2:30 a.m., Monday through Friday, and 10:00 a.m. to 6:30 p.m., Saturday and Sunday."[36]  Separate Defendant Lewis was the shift supervisor.[37]  The Complaint states that "Eric Denton . . . was also put on the third shift to help get Grice fired."[38]  On July 18, 2018, Mr. Grice and Mr. Denton were fired for allegedly wrecking a trailer.[39]  Mr. Grice asserts that this was a false pretense.[40]  Separate Defendant Rosiles did not allow Mr. Grice to clean out his locker.[41]

### Lack of Standing

RICO provides a civil cause of action for "[a]ny person injured in his business or property by reason of a violation of section 1962 . . . ."[42]  But not all "factually injured" plaintiffs have standing to pursue a RICO claim.[43]  Indeed, the Eighth Circuit has explained that "[t]he phrase 'by reason of' as used in § 1964(c) means causation under the traditional tort 'requirements of proximate or legal causation, as opposed to mere factual or 'but for' causation.'"[44]  Thus, "[t]o

---

[33] *Id.* ¶ 49.

[34] *Id.* ¶¶ 50-51.

[35] *Id.* ¶ 55.  Mr. Grice (confusingly) alleges that the third shift was created because he complained about working the third shift without a raise.  *Id.* ¶ 43.

[36] *Id.* ¶ 44.  Mr. Grice says that he was "put on the third shift, as previously described . . . ."  *Id.* ¶ 55.

[37] *Id.*

[38] *Id.* ¶ 56.

[39] *Id.* ¶ 57.

[40] *Id.*

[41] *Id.* ¶ 58.

[42] 18 U.S.C. § 1964(c).

[43] *Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639, 654 (2008).

[44] *Regions Bank v. J.R. Oil Co., LLC*, 387 F.3d 721, 728 (8th Cir. 2004) (quoting *Bieter Co. v. Blomquist*, 987 F.2d

have standing to make a RICO claim, a party must have 1) sustained an injury to business or property 2) that was caused by a RICO violation."[45]  More specifically, "the plaintiff must have been injured by conduct which constitutes racketeering activity, that is, RICO predicate acts, and not by other conduct of the defendant."[46]

The Eighth Circuit has repeatedly held that "[t]he simple act of discharging an employee" who speaks out against purported RICO violations under section 1962 "does not constitute racketeering activity as defined in RICO."[47]  In *Hamm v. Rhone-Poulenc Rorer Pharmaceuticals, Inc.*, the Eighth Circuit concluded that the plaintiffs lacked standing because they "alleged that they had been injured *not* by their employer's racketeering activity *but by the employer's retaliatory acts after they criticized or refused to participate in the racketeering activity*."[48]  The Eighth Circuit explained that "[t]he injurious acts, taken as alleged, were clearly wrong," but they "were not proximately caused by the employer's racketeering activity."[49]  Because the "fraudulent scheme was not directed at [the plaintiffs]," the plaintiffs were not directly injured by racketeering activity and thus "did not have standing to bring a civil RICO suit."[50]

---

1319, 1325 (8th Cir. 1993)); *see also Newton v. Tyson Foods, Inc.*, 207 F.3d 444, 446-47 (8th Cir. 2000) ("Plaintiffs have standing in a civil RICO case only if the RICO violations both factually and proximately caused injury to the plaintiffs' business or property.").

[45] *Gomez v. Wells Fargo Bank*, N.A., 676 F.3d 655, 660 (8th Cir. 2012) (quoting *Asa–Brandt, Inc. v. ADM Investor Servs., Inc.*, 344 F.3d 738, 752 (8th Cir. 2003)).

[46] *Hamm v. Rhone-Poulenc Rorer Pharm., Inc.*, 187 F.3d 941, 952 (8th Cir. 1999) (citing *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496-97 (1985)).

[47] *Bowman v. W. Auto Supply Co.*, 985 F.2d 383, 385-86 (8th Cir. 1993) (collecting cases from other circuits); *see also Hamm*, 187 F.3d at 953.

[48] *Hamm*, 187 F.3d at 953 (emphasis added).

[49] *Id.*; *see also Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451, 461 (2006).  The plaintiffs in *Hamm* "claimed that they had been injured because they had criticized or refused to participate in the fraudulent scheme and that [the defendant] had retaliated against them by terminating them, denying them promotions, compensation awards, stock options, and pension benefits, and defaming them (by damaging their business reputations)."  187 F.3d at 952 (8th Cir. 1999).

[50] *Id.*

In *Bowman v. W. Auto Supply Co.*, the plaintiff was terminated for criticizing and refusing to participate in a scheme to double-bill the defendant company's merchandise suppliers.[51]  The Eighth Circuit explained that the plaintiff in *Bowman* lacked standing as a "matter of law" because "[t]he simple act of discharging an employee . . . does not constitute racketeering activity."[52]  The Court further reasoned that standing to bring a civil RICO suit based on an underlying conspiracy in violation of 18 U.S.C. § 1962(d) is also "limited to those individuals who have been harmed by a § 1961(1) RICO predicate act committed in furtherance of a conspiracy to violate RICO."[53]

Defendants contend that Mr. Grice lacks standing to bring a RICO claim because he fails to allege any facts suggesting that his termination was caused by Defendants' alleged RICO violations.  Mr. Grice argues that "[b]ut for Defendants' enterprise . . . Plaintiff would not be before this Court."[54]  He contends that he was intimidated, wrongfully suspended, ordered to violate OSHA, physically confronted, and wrongfully accused of wrecking equipment because he would not participate in the alleged RICO enterprise.[55]

Mr. Grice's reliance on "but for" causation is misplaced.  As explained above, proximate causation is required for standing, not mere factual or "but for" causation.[56]  Defendants are correct that Mr. Grice lacks standing to bring a civil RICO claim.  For one thing, Mr. Grice never identifies the specific RICO provision that he alleges Defendants have violated.[57]  It is unclear whether Mr.

---

[51]  *Bowman*, 985 F.2d at 384.

[52]  *Id.* at 385-86.

[53]  *Id.* at 388.

[54]  Br. in Supp. of Pl.'s Resp. to Defs.' Mot. to Dismiss (Doc. 16) at 26.

[55]  *Id.* at 26-27.

[56]  *Regions Bank*, 387 F.3d at 728 (quoting *Bieter Co.*, 987 F.2d at 1325); *see also Newton*, 207 F.3d at 446-47 ("Plaintiffs have standing in a civil RICO case only if the RICO violations both factually and proximately caused injury to the plaintiffs' business or property.").

[57]  For the most part, Mr. Grice only generically refers to § 1962 in his Complaint.  The same is true of his Response in Opposition and Brief in Support.  The only place that Mr. Grice identifies a specific provision in § 1962 is in his prayer for relief at the end of his Complaint.  There, Mr. Grice repeatedly cites "18 U.S.C. § 1962(b)" as the

Grice's civil action under § 1964 is based on a violation of 18 U.S.C. § 1962(a), (b), (c), or (d). But no matter the alleged violation, it is abundantly apparent that Mr. Grice does not have standing to bring a civil RICO suit. As was the case in *Hamm* and *Bowman*, Mr. Grice fails to allege any facts showing that he was injured by Defendants' alleged RICO violations—racketeering and prostitution.[58]

The Complaint alleges facts showing that Mr. Leflore was operating a prostitution ring and loan-sharking business, that Mr. Grice refused to participate in the illegal activity, and that Mr. Grice was terminated for allegedly wrecking a trailer. Mr. Grice had "trouble" with Mr. Leflore for approximately four years, had a "personality conflict" with his manager, became Mr. Leflore's "nemesis", defied orders from his superiors, and fought with a co-worker. These facts do not support Mr. Grice's belief that his termination was caused by Defendants' alleged RICO violations—racketeering and prostitution. Certainly, the alleged facts do not raise the right to relief "above the speculative level."[59] At the very most, the Complaint shows that Mr. Grice was injured by Defendants' retaliatory acts after he criticized and refused to participate in the alleged racketeering activity. But for the reasons explained above, that is not enough.[60]

---

provision Defendants violated. Pl.'s Compl. (Doc. 1) at 14-15. The Court is not convinced that Mr. Grice's attorney meant to limit himself to a claim that is even more factually deficient than the more common § 1962(c) violation. Indeed, Mr. Grice never corrects Defendants' characterization of his claim as alleging a violation of § 1962(c). To the contrary, Mr. Grice appears to adopt Defendants' characterization in his Response and Brief in Support. But to the extent that Mr. Grice actually founded his civil RICO suit on a violation of § 1962(b), that claim falls flat. As explained in the text above, Mr. Grice lacks standing no matter which provision of § 1962 he relies upon. *See Bowman*, 985 F.2d at 385-86. Section 1962(b) makes it unlawful to acquire and maintain control of an existing enterprise through a pattern of racketeering. The Complaint is devoid of any factual evidence whatsoever supporting a claim that Defendants' acquired and maintained control of an enterprise through a pattern of racketeering activity. And the Complaint fails to allege that Mr. Grice was directly injured as a result of such conduct.

[58] Pl.'s Compl (Doc. 1) ¶ 6. Mr. Grice also asserts that his RICO claim is based on "extortion, attempted fraud, liable and slander" and "threats of criminal prosecution." *Id.* ¶ 11. He does not assert any facts supporting these allegations.

[59] *Twombly*, 550 U.S. at 555.

[60] Mr. Grice lacks standing to recover damages for "emotional distress," "mental stress," and injury to "his reputation." Br. in Supp. of Pl.'s Resp. in Opp. to Defs.' Mot. to Dismiss (Doc. 16) at 27; Pl.'s Compl. (Doc. 1) ¶

## Lack of an Enterprise

Even if Mr. Grice had standing to bring a civil RICO suit, dismissal would still be warranted because Mr. Grice fails to allege facts demonstrating the existence of an enterprise. Under 18 U.S.C. § 1962(c), it is unlawful "for any person . . . associated with any enterprise engaged in . . . interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt." An enterprise "includes any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity."[61] An enterprise may be formal or informal.[62] To establish the existence of an enterprise, a plaintiff must plead facts showing "(1) a common or shared purpose that animates the individuals associated with it, (2) a formal or informal organization of the participants in which they function as a unit, including some continuity of both structure and personnel, and (3) an ascertainable structure distinct from that inherent in the conduct of a pattern of racketeering activity."[63]

Defendants contend that the Complaint fails to allege any facts indicating that Defendants shared "a common purpose in operating the alleged prostitution ring or acting as shark lenders."[64] Mr. Grice argues the opposite.[65] Defendants are correct. The Complaint repeatedly identifies the prostitution ring and loan-sharking operation as "L[e]flore's prostitution ring" and "Leflore's loan

---

61. Civil RICO actions only redress concrete financial loss to "business or property." 18 U.S.C. § 1964(c); *Gomez*, 676 F.3d at 660 (quoting *Regions Bank*, 387 F.3d at 728) ("[A] showing of injury requires proof of concrete financial loss, and not mere injury to a valuable intangible property interest.").

[61] 18 U.S.C. § 1961(4).

[62] *Boyle v. U.S.*, 556 U.S. 938, 944-45 (2009).

[63] *U.S. v. Henley*, 766 F.3d 893, 906 (8th Cir. 2014).

[64] Br. in Supp. of Defs.' First Mot. to Dismiss (Doc. 12) at 6.

[65] Br. in Supp. of Pl.'s Resp. in Opp. to Defs.' Mot. to Dismiss (Doc. 16) at 24 ("Plaintiff's Complaint plainly alleges an enterprise among the Defendants, sharing the common purpose to promote Leflore's prostitution and loan sharking.").

shark operation."[66]  And the Complaint does not allege any facts indicating that any of the other Separate Defendants associated with Mr. Leflore for the purpose of conducting or participating in Mr. Leflore's prostitution ring or loan-sharking operation.  At the very most, the Complaint asserts that (1) Separate Defendants Brown and Rosiles knew about the operation, but "turned a blind eye," and (2) that some of the Separate Defendants disliked Mr. Grice and disciplined him for what he alleges were pretextual reasons.

Mr. Grice attempts to piece together seemingly random and isolated events to show that his supervisors, managers, and coworkers were all working together to harm him for not participating in "Mr. Leflore's" illegal operations.  In fact, Mr. Grice goes so far as to suggest that "management" orchestrated the fight between Mr. Grice and Separate Defendant Lewis.  And he repeatedly asserts that the Court should view any form of legitimate reprimand as Defendants' attempt to "create a paper trail to justify Plaintiff's discharge."[67]  The Court need not and will not draw any such inferences.[68]  They are not reasonable inferences.  Mr. Grice's supposition and conclusions are not facts and the Court is not required to accept suppositions and conclusions as true.[69]

Mr. Grice argues that "any individual" may be a RICO enterprise based on the statutory definition found in 18 U.S.C. § 1961(4).  But to establish liability under 18 U.S.C. § 1962(c), a plain reading of the statute requires the existence of "two distinct entities: (1) a 'person': and (2)

---

[66] Pl.'s Compl. (Doc. 1) ¶¶ 7, 27-28, 29, 30, 31, 35, 45, 78, 79, 80, 82, 90.

[67] Br. in Supp. of Pl.'s Resp. in Opp. to Defs.' Mot. to Dismiss (Doc. 16) at 24.

[68] *See Nelson v. Nelson*, 833 F.3d 965, 969 (8th Cir. 2016).

[69] *See, e.g.*, *Glick v. W. Power Sports, Inc.*, 944 F.3d 714, 717 (8th Cir. 2019) (a court "need not accept as true a plaintiff's conclusory allegations or legal conclusions drawn from the facts"); *see also Lind v. Midland Funding*, L.L.C., 688 F.3d 402, 409 (8th Cir. 2012) ("A complaint that consists of no more than conclusory allegations or that merely applies labels to defendants' conduct will not survive a motion to dismiss.").

an 'enterprise.'"[70]   Indeed, "[i]n ordinary English one speaks of employing, being employed by, or associating with others, not oneself."[71]   Even assuming that Mr. Leflore was engaged in racketeering activity, his engagement alone does not establish the existence of a distinct enterprise.[72]   Mr. Grice failed to plead facts showing the existence of an enterprise beyond mere speculation.   As a result, Mr. Grice failed to state a plausible claim for relief under 18 U.S.C. § 1964(c).[73]

### State Law Claims

The Complaint also alleges that Defendants' are liable for counts of conspiracy, for the violation of "public policy and statutory law in Arkansas" relating to prostitution, and for "the loaning of money at an excessive rate of interest" in violation of "Arkansas statutory law."[74]   To the extent that these counts constitute state law claims separate from Mr. Grice's civil RICO claim, the Court declines to exercise supplemental jurisdiction over these counts and dismisses them without prejudice pursuant to 28 U.S.C. § 1367(c)(3).   Those claims belong in state court.

To the extent that Mr. Grice's conspiracy claim is intended to be a civil RICO claim for a violation under § 1962(d), that claim is dismissed for lack of standing.   Standing to bring a civil RICO suit based on an underlying conspiracy violation of 18 U.S.C. § 1962(d) is "limited to those

---

[70]   *Cedric Kushner Promotions, Ltd. v. King*, 533 U.S. 158, 161 (2001).

[71]   *King*, 533 U.S. at 161.

[72]   *See, e.g.*, *Crest Const. II, Inc. v. Doe*, 660 F.3d 346, 354-55 (8th Cir. 2011) (quoting *Handeen v. Lemaire*, 112 F.3d 1339, 1352 (8th Cir. 1997)) ("In deciding whether an alleged RICO enterprise has an ascertainable structure distinct from the pattern of racketeering activity, we must 'determine if the enterprise would still exist were the predicate acts removed from the equation.'").

[73]   Once again, to the extent that Mr. Grice actually founded his civil RICO suit on a violation of § 1962(b), that claim falls flat.   As explained in the text above, Mr. Grice lacks standing no matter which provision of § 1962 he relies upon.   *See Bowman*, 985 F.2d at 385-86.   Section 1962(b) makes it unlawful to acquire and maintain control of an existing enterprise through a pattern of racketeering.   The Complaint is devoid of any factual evidence whatsoever supporting a claim that Defendants' acquired and maintained control of an enterprise through a pattern of racketeering activity.   And the Complaint fails to allege that Mr. Grice was directly injured as a result of such conduct.

[74]   Pl.'s Compl. (Doc. 1) ¶¶ 74-93.

individuals who have been harmed by a § 1961(1) RICO predicate act committed in furtherance of a conspiracy to violate RICO."[75]  Mr. Grice was therefore required to allege facts showing that he was directly harmed by racketeering activity.  As explained above, he did not.  Because Mr. Grice's Complaint fails to allege facts showing that his injuries were proximately caused by Defendants' alleged racketeering activity, Mr. Grice lacks standing to bring a civil RICO suit for an alleged violation of 18 U.S.C. § 1962(d).

**Conclusion**

The Court GRANTS Defendants' Motion to Dismiss Mr. Grice's civil RICO claim.  Mr. Grice's civil RICO claim is DISMISSED WITHOUT PREJUDICE.  To the extent Mr. Grice is asserting any state law claims, the Court declines to exercise supplemental jurisdiction over those claims.  Mr. Grice's state law claims are DISMISSED WITHOUT PREJUDICE.

Quala has not appeared in the case and thus did not participate in Defendants' Motion to Dismiss.  The Court directs Mr. Grice to, within fourteen (14) days from the date of this Order, submit evidence showing that Quala has been served.  If Mr. Grice does not do so, the Court may dismiss the claims against Quala under Federal Rule of Civil Procedure 4(m).

IT IS SO ORDERED this 9th day of February 2021.

LEE P. RUDOFSKY
UNITED STATES DISTRICT COURT

---

[75] *Bowman*, 985 F.2d at 388.